```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ANCELL HAMM,                  )
                              )
          Plaintiff,          )   Civil Action No. 03-1770
                              )
     v.                       )   Judge Lancaster
                              )   Magistrate Judge Caiazza
EDWARD RENDELL, et al.,       )
                              )
          Defendants.         )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

It is respectfully recommended that the Plaintiff's Motion for Summary Judgment (Doc. 44) be denied.

This case is on remand from the Court of Appeals for the Third Circuit. The Circuit Court directed that the Plaintiff's claims regarding his incoming mail be analyzed under Turner v. Safley, 482 U.S. 78 (1987); his claims regarding outgoing mail under Procunier v. Martinez, 416 U.S. 396 (1974); and his due process claims under the "fact-specific" inquiry contemplated in Sandin v. Conner, 515 U.S. 472 (1995) and Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003). See 3d Cir. Ct.'s Opinion dated Jan. 27, 2006 (filed under Doc. 41) at 6-7.[1]

The Plaintiff moves for summary judgment, relying on a single-page affidavit bearing his signature. See Pl.'s Mot.

---

[1] The Circuit Court also contemplated that the case may be resolved on the grounds of administrative exhaustion. See id. at 8 ("[o]f course, should the District Court agree" that Plaintiff "has failed to exhaust administrative remedies . . ., it need not reach the merits"). Giving Mr. Hamm the benefit of the doubt, the District Court may assume without deciding that it ultimately will reach the merits of his claims.

(Doc. 44); *see also* Aff. attached thereto.  The affidavit fails to address any of the relevant factors in Turner, Procunier, or Sandin, let alone demonstrate a lack of disputed material facts regarding any of his claims.[2]

The Plaintiff has not shown his entitlement to summary judgment,[3] and his Motion should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by November 20, 2006.  Responses to objections are due by November 30, 2006.


November 3, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc:

Ancell Hamm, AK-2165
SCI Fayette
Box 9999
LaBelle, PA  15450-0999

Craig E. Maravich, Esq. (via email)

---

[2] Essentially, all the affidavit says is that Mr. Hamm's grievances remain and he believes himself entitled to relief.  *See id.*

[3] *Cf.* Street v. Bradford, 886 F.2d 1472, 1479-80 (6th Cir. 1990) ("[[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact"); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) ("[a] district court is not . . . obligated to wade through and search the entire record for some specific facts that might support [a] party's claim"); Auto Owners Ins. Co. v. LA Oasis, Inc., 2005 WL 1313684, *14 (N.D. Ind. May 26, 2005) ("courts need not and indeed should not expend limited judicial resources in researching, refining, and otherwise fleshing out arguments the parties themselves do not adequately support").