IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANCELL HAMM,<br><br>       Plaintiff,<br><br>       v.<br><br>EDWARD RENDELL, Governor, MICHAEL FISHER, Attorney General, JEFFREY BEARD, DOC Secretary, NEAL MEACHLING, Superintendent, C.O. YOLINSKY, C.O., GEROGE, , C.O. PEER, Lt. BLAKEY, C.O. TEETER, WILLIAM STICKMAN, Superintendent, Sergeant COOPER, Captain COLE, SHELLY MANKEY, JAMES META, ROBERT BITNER, and TONY EDWARDS,<br><br>       Defendants. | Civil Action No. 03-1770<br>Judge Gary L. Lancaster/<br>Magistrate Judge Francis<br>X. Caiazza |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is recommended that the Defendants' Motion for Summary Judgment (Doc. 49) be granted because the Plaintiff, Ancell Hamm, has failed to exhaust his available administrative remedies.

**II.   REPORT**

**A.   Relevant Procedural History**

Ancell Hamm, ("the Plaintiff" or "Hamm"), is a state prisoner currently serving two consecutive life sentences for the 1972 murder of two police officers. This action began as a civil rights Complaint filed against sixteen Defendants, all of whom

are state government officials and/or Pennsylvania Department of Corrections ("DOC") employees; the Plaintiff claims that the Defendants have denied him access to various firearms publications and otherwise violated his constitutional rights. The court dismissed the Complaint, and Hamm appealed. The Court of Appeals affirmed in part and reversed in part, directing this court to consider Hamm's claims concerning restrictions on both incoming and outgoing mail, and his claimed denial of due process during a misconduct proceeding. (Doc. 40). The exhaustion issue was kept open by the Court of Appeals for consideration on remand.

The Defendants have now filed a Motion for Summary Judgment in which they argue that Hamm has not presented any of his claims through final review as is required by the DOC's grievance process. In support of their argument the Defendants have attached relevant documentation, including copies of the grievances filed by Hamm. (Doc. 49, Attach. 1). Hamm respond to the Defendants' Motion. (Doc. 57). In his response, Hamm makes no argument with respect to the exhaustion issue nor does he address the exhaustion question in the affidavit attached to his response. Instead, Hamm's response includes a new allegation claiming that he was denied a request by the DOC librarian for reading materials in December, 2006. This claim was not raised in Hamn's Complaint and consequently not relevant to the pending

Motion for Summary Judgment.

B.  **Applicable Legal Principles**

Hamm's burden in response to a well-pleaded motion for summary judgment is to present "'. . . specific facts showing that there is a *genuine issue for trial*.' Fed.Rule Civ.Proc. 56(e)(emphasis added)" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

C.  **The Exhaustion of Administrative Remedies**

1.  The applicable law.

The Defendants assert that Hamm failed to exhaust his available administrative remedies with respect to all of the claims made in his Complaint. The applicable - and mandatory - exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

> (a)  Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a) (emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his administrative

remedies; this requirement remains mandatory even if the ultimate relief sought by the prisoner is not available through the administrative process. See Booth v. Churner, 206 F.3d 289, 300 (3d Cir.2000), cert. granted, 531 U.S. 956 (2000), aff'd, 532 U.S. 731, (2001). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002)(citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)). Further, the Court of Appeals for the Third Circuit has reaffirmed the exhaustion rule. It is insufficient for a prisoner to establish that "there is no further process available to the inmate within the grievance system (which would occur if, say, an inmate fails to file an administrative appeal)...." Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir.2004). Rather, the Spruill court made clear that §1997e(a) requires an inmate to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Id. In short, "it is beyond the power of this court - or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted).

    2. The Analysis

The Pennsylvania DOC Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: the initial grievance submitted to the Facility

Grievance Coordinator, an intermediate level of appeal to the Facility Manager, and a final level of appeal to the Secretary's Office of Inmate Grievances and Appeals. See Commonwealth of Pennsylvania, Department of Corrections, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI. See also Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir.2000) (outlining the grievance review process).

The Defendants have presented evidence which shows that the only grievance which Hamm filed and exhausted through the final level of review related to a publication which is not alleged in his Complaint and thus not part of this lawsuit. (Doc. 50, Supplement to Mot. for Summ. J., Grievance 8940 regarding a publication entitled The World's Greatest Handguns)[1]. The Defendants have also attached an affidavit and exhibits to their Motion detailing Hamm's grievance history.  This evidence establishes that the claims raised in Hamm's Complaint have not reached the final review level required by the DOC's grievance process  - as is mandated by the PLRA. (Doc. 49, Attach. B, Verification of Kim Reisinger). As set out above, Hamn has not responded with evidence  - or even argument- with respect to the exhaustion issue. That said, after considering the record as

---

1.   The three publications referenced in the complaint are: "Ruger Firearms Catalog," "Ammunition Manufacturers Product & Service Directory," and "Karl Zeiss Optikal Catalogue depicting Zeiss Riflescopes." (Doc. 1, Counts VII and XII).

5

established by the Defendants' uncontested evidence, it is recommended that the district court grant their Motion for Summary Judgment.

### III.  CONCLUSION

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

*Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge

Dated: January 31, 2007

cc:  Ancell Hamm
     AK-2165
     SCI Fayette
     Box 9999
     LaBelle, PA 15450-0999

     Office of the Attorney General
     564 Forbes Avenue
     6th Floor, Manor Complex
     Pittsburgh, PA 15219
     (412) 565-7680

6